## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CHARLES DOHERTY and MICHAEL J.
NOEL, individually and as representatives on
behalf of a class of similarly situated persons,

    Plaintiffs

        v.

BRISTOL-MYERS SQUIBB CO.; BRISTOL-
MYERS SQUIBB CO. PENSION
COMMITTEE; BRISTOL-MYERS SQUIBB
COMPENSATION AND MANAGEMENT
DEVELOPMENT COMMITTEE; and STATE
STREET GLOBAL ADVISORS TRUST CO.

    Defendants.

Case No. 1:24-cv-06628-MMG

### PLAINTIFFS' OPPOSITION TO THE ERISA INDUSTRY COMMITTEE, THE AMERICAN BENEFITS COUNCIL, AND THE COMMITTEE ON INVESTMENT OF EMPLOYEE BENEFIT ASSETS INC.'S MOTION TO PARTICIPATE AS *AMICI CURIAE* IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS

This Court should deny the ERISA Industry Committee, the American Benefit Council, and the Committee of Employee Benefit Assets Inc.'s (the "Industry Groups") request for leave to file an *amicus* brief supporting Defendants' motions to dismiss. Defendants are represented by competent counsel, who have had no shortage of space to make Defendants' arguments. And rather

than provide the Court with arguments that will assist its adjudication of the motions to dismiss, the Industry Groups' proposed brief hurls inappropriate attacks at plaintiffs' lawyers. Moreover, the Industry Groups have failed to disclose their relationships to Defendants: at least one of them is a paid lobbyist for Bristol-Myers, as well as State Street's corporate affiliates; and another—which now hides its membership from public view—confirmed that Bristol-Myers was one of its members as recently as November 2024. The Industry Groups are not friends of the Court; they are merely Defendants' friends—and paid "friends" at that.

## ARGUMENT

The decision to allow an *amicus* brief is in the "firm discretion" of the Court. *Women for Am. First v. De Blasio*, 20 Civ. 5746 (LGS), 2020 WL 4904057, at *2 (Aug. 18, 2020). The "usual rationale" for such briefs "is that they are of aid to the court and offer insights not available from the parties." *Id.* (internal quotation marks omitted). Leave to file an *amicus* brief should be denied unless: (i) the party the *amicus* seeks to support is "not represented competently" or "at all"; (ii) "the *amicus* has an interest in some other case that may be affected by the decision in the present case"; or (iii) "the *amicus* has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide." *Id.* (internal quotation marks omitted) (denying leave); *see also Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, Consolidated Actions Nos. 12 Civ. 7935(ALC)(HBP), 12 Civ. 7942(ALC)(HBP), 12 Civ. 7943(ALC)(HBP), 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014) (denying leave); *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992) (denying the National Association of Criminal Defense Lawyers' request for leave to file *amicus* brief in criminal case). Courts should also "consider the partiality of a would-be amicus" when deciding whether to grant leave. *Automobile Club of N.Y., Inc. v. Port Auth. of N.Y. and N.J.*, No. 11 Civ. 6746(RJH), 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011).

This Court should deny the Industry Groups' request for leave to file their *amicus* brief for three reasons.

### 1. The proposed brief meets none of the three criteria for leave to file.

The first two bases for granting leave to file do not apply because (i) Defendants are represented by competent counsel (indeed, by two very large, well-regarded law firms); and (ii) the Industry Groups do not have—or purport to have—"an interest in some other case that may be affected by the decision in [this] case." *See Women for Am. First*, 2020 WL 4904057, at *2.

The third basis for granting leave—usefulness of the brief—does not apply for at least three reasons. ***First***, the proposed brief merely parrots, without developing, Defendants' arguments. *Compare, e.g.*, ECF No. 51 at 12–13 (Bristol-Myers arguing that Plaintiffs fail to allege that there is a "substantial risk" that they will not receive their earned retirement benefits), *with* ECF No. 58 at 17–19 (proposed brief making same argument); *compare also,* ECF No. 47 at 11–12 (State Street arguing that the selection of Athene did not need to comply with longstanding Department of Labor guidance interpreting ERISA, "IB 95-1"), *with* ECF No. 58 at 18 & n.26 (proposed brief making same argument). Defendants' arguments are wrong, as Plaintiffs will demonstrate in their opposition to Defendants' motions to dismiss; repetition does not strengthen them.

***Second***, the proposed brief will not help the Court adjudicate Defendants' motions to dismiss because it is rife with baseless and inappropriate attacks on plaintiffs' lawyers. *See* ECF No. 58 at 8, 12, 28 (accusing plaintiffs' lawyers in this case, and other *unrelated* class actions, of bringing meritless, extortionate claims "looking for a payday"); *see also Lehman*, 2014 WL 265784, at *1 (*amicus* brief should serve a "laudable, rather than distractive, purpose"). The proposed brief's talk of a "payday" is misplaced at best. This case is about real people—retirees, like Charles Doherty and Michael Noel, who worked for Bristol-Myers for decades to earn secure

pension benefits. Consol. Compl. ¶¶ 38–39. Plaintiffs have been ejected from their pension plan and ERISA's protective regime; Bristol-Myers has washed its hands of any responsibility to pay their benefits; and Plaintiffs must now rely on Athene—a risky insurer reliant on its Bermuda-based affiliates—for benefits they will need for the rest of their lives. *Id.* ¶¶ 2–35. Bristol-Myers took those actions to benefit itself at its former employees' expense. *Id.* ¶¶ 197–210. ERISA expressly empowers Plaintiffs to sue to remedy this wrong, and it is a wrong must be righted. *See* 29 U.S.C. § 1132(a)(9).

***Third***, the proposed brief will not help the Court decide the motions to dismiss because the brief eschews the proper motion-to-dismiss analysis. It relies on "facts" and information far outside this case's record, including corporate-aligned online articles. *See, e.g.*, ECF No. 58 at 12 n.6. And it repeatedly mischaracterizes the allegations in the Complaint and asks the Court to draw inferences in Defendants' favor. *Compare, e.g., id.* at 23 ("Plaintiffs allege no facts plausibly supporting their theory that their benefits are at a greater risk now than they were prior to [the Athene transaction]," *with* Consol. Compl. ¶¶ 57–69, 90–165, 242–50 (alleging in detail how the Athene transaction greatly increased the risk to Plaintiffs' retirement benefits).

## 2. The Industry Groups are paid lobbyists of Bristol-Myers and State Street's corporate affiliates—a fact that the proposed brief omits.

The Industry Groups are paid lobbyists, including for Bristol-Myers and State Street corporate entities. Both Bristol-Myers and State Street's corporate affiliates are paying members of the American Benefits Council, which touts that it represents its benefactors "in all branches of government" and "works closely with . . . the courts to champion . . . legal rulings favorable to our members' needs."[1] The ERISA Industry Committee ("ERIC") has a similar mission: to "lobb[y]

---

[1] About Us, AMERICAN BENEFITS COUNCIL (https://www.americanbenefitscouncil.org/about-the-council/about-us/) (last visited Feb. 3, 2025) (describing judicial lobbying efforts and identifying

*Exclusively* for large employers."[2] And as recently as November 15, 2024, ERIC's website identified Bristol-Myers as one of its members. *See* ECF No. 50-1, ¶ 3 & ECF No. 50-3, *Bueno et al., v. General Electric Co. et al.*, No. 1:24-cv-00822 (GTS/DJS) (N.D.N.Y Nov. 19, 2024). ERIC has since scrubbed that page from its website and now conceals its membership from public view.

Moreover, the Industry Groups have failed to disclose to the Court their ties to Defendants. *See* ECF No. 58 at 7 n.1. The introductory footnote to the proposed brief states that no party "contributed money related to the preparation or submission of this brief," and that the brief was funded exclusively by the Industry Groups, their counsel, and their "members." *Id.* But the proposed brief nowhere discloses that Bristol-Myers and the State Street entities *are* members of at least some of the Industry Groups. The Industry Groups' money-driven partiality to Defendants (and failure to disclose their relationships) favors rejection of the proposed brief. *Automobile Club of N.Y., Inc*, 2011 WL 5865296, at *2. And given those relationships, the Industry Groups hardly have the sort of distinct viewpoint necessary to justify their proposed brief. *Women for Am. First*, 2020 WL 4904057, at *2–3 (when a party supported by an *amicus* is represented competently and the *amicus* does not have an interest in a related case, leave should be granted only when the *amicus* has "unique information or perspective" that the parties cannot provide).

---

Bristol-Myers and State Street affiliates as member companies); Membership Benefits, AMERICAN BENEFITS COUNCIL (https://www.americanbenefitscouncil.org/join-the-council/membership-benefits/) (last visited Feb. 3, 2025); Membership FAQs (https://www.americanbenefitscouncil.org/join-the-council/membership-faqs/#cost) (last visited Feb. 3, 2025) (reflecting that membership is pay to play—and "pay[s] for itself many times over").

[2] *How ERIC is Different From Other Groups*, ERIC (https://www.eric.org/about-eric/how-is-eric-different/) (last visited Feb. 3, 2025).

**3.  The Court has given Defendants more than enough room to make their arguments, and fairness favors rejecting the proposed brief.**

The Court has given the parties "ample opportunity to argue their respective positions." *Lehman*, 2014 WL 265784, at *2. By the conclusion of the briefing, Defendants will have had 24,500 words to make their arguments—7,000 more than Plaintiffs. *See* Individual Rules & Practices, Section II.B.2. Defendants also enjoy the last word under the current briefing schedule. ECF No. 39. And Defendants have pressed the boundaries of the Court's space limitations by joining each other's arguments and incorporating one another's briefs. *See* ECF No. 47 at 7, 9–10 & n.12, 30, 33 (State Street's brief using all of its 8,750 words *and* incorporating and relying on arguments in Bristol-Myers' brief); ECF No. 51 at 11 n.1 (Bristol-Myers attempting to "incorporate by reference" *all* the arguments in State Street's brief); *see also Arkin v. Bennett*, 282 F. Supp. 2d 24, 33 n.4 (S.D.N.Y. 2003) (noting that "the practice of incorporation by reference can skirt the Court's page limitations"); *Promptu Sys. Corp. v. Comcast Cable Commc'ns., LLC*, 92 F.4th 1384, 1385 (Fed. Cir. 2024) ("It is fundamentally unfair to allow a party to use incorporation to exceed word count.") (internal quotation marks omitted).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny the Industry Groups' request for leave to file the proposed *amicus* brief.


Dated: February 3, 2024


/s/ Cyril V. Smith
Cyril V. Smith*
ZUCKERMAN SPAEDER LLP
100 E. Pratt Street, Suite 2440
Baltimore, MD  21202
(410) 949-1145

/s/ Andrew D. Schlichter
Andrew D. Schlichter (Bar No. 4403267)
Kurt C. Struckhoff*
Jerome J. Schlichter*
Sean E. Soyars*
Patrick R. Kutz*

(410) 659-0436 (Fax)
csmith@zuckerman.com

*/s/ Bryan M. Reines*
Bryan M. Reines*
ZUCKERMAN SPAEDER LLP
1800 M Street N.W., Suite 10000
Washington, D.C. 20036
(202) 778-1846
(202) 822-8106 (Fax)
breines@zuckerman.com

*/s/ Edward Stone*
Edward Stone (N.Y. Bar No. 2259489)
EDWARD STONE LAW P.C.
575 Lexington Ave., 14th Floor
New York, NY 10022
(203) 930-3401
(203) 348-8477 (Fax)
eddie@edwardstonelaw.com

*/s/ Elizabeth Hopkins*
Elizabeth Hopkins*
Susan L. Meter*
KANTOR & KANTOR LLP
19839 Nordhoff St.
Northridge, CA 91324
(818) 886-2525
(818) 350-6272 (Fax)
ehopkins@kantorlaw.net
smeter@kantorlaw.net

Terrence W. Scudieri, Jr. (Bar No. 5761945)
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
Telephone: +1 (314) 621-6115
Facsimile: +1 (314) 621-5934
aschlichter@uselaws.com
kstruckhoff@uselaws.com
jschlichter@uselaws.com
ssoyars@uselaws.com
pkutz@uselaws.com
tscudieri@uselaws.com
* admitted *pro hac vice*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2024, I caused the foregoing to be served to all counsel of record through CM/ECF.

*/s/ Cyril V. Smith*
Cyril V. Smith
*Counsel for Plaintiffs*