**COVINGTON**

BEIJING   BOSTON   BRUSSELS   DUBAI   FRANKFURT
JOHANNESBURG   LONDON   LOS ANGELES   NEW YORK
PALO ALTO   SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1000

By CM/ECF

January 15, 2025

The Honorable Margaret M. Garnett
United States District Court for the
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007
GarnettNYSDChambers@nysd.uscourts.gov

Re:   Doherty v. Bristol-Myers Squibb Co., et al.,

Dear Judge Garnett:

Pursuant to Rule I(D)(3)(iii) of Your Honor's Individual Rules and Practices, Defendants Bristol-Myers Squibb Company ("BMS"), Bristol-Myers Squibb Company Pension Committee, and Bristol-Myers Squibb Compensation and Management Development Committee (collectively, the "BMS Defendants"), respectfully seek leave to file under seal and in redacted form on the public docket: (1) the independent fiduciary agreement between the Bristol-Myers Squibb Company Pension Committee and State Street Global Advisors Trust Company ("State Street"), which is appended to the declaration of Laura Flahive Wu as Exhibit B; and (2) the Bristol-Myers Squibb Co.'s group annuity contracts with Athene Annuity & Life Assurance Company of New York and Athene Annuity and Life Company of Iowa, which are appended to the declaration of Laura Flahive Wu as Exhibits C and D. As required under Rule I(D)(3)(ii) and (iii), Exhibits B, C, and D have been contemporaneously filed on ECF under seal and electronically related to this motion.

The BMS Defendants submit this letter motion because good cause exists to file Exhibits B, C, and D under seal as containing proprietary and commercially sensitive and confidential business information. On January 14, 2025, counsel for the BMS Defendants conferred with counsel for Plaintiffs and counsel for State Street. State Street indicated it is not opposed to this motion. Plaintiffs stated they are opposed to this motion.

Disclosure of the confidential financial terms and pricing information redacted from Exhibits B, C, and D would harm the BMS Defendants' business interests, as well as those of State Street and Athene, who are parties to these agreements. Public disclosure of this information further would impair the BMS Defendants' ability to negotiate with third parties and would put them at a competitive disadvantage. See, e.g., Kewazinga Corp. v. Microsoft Corp., 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents

**COVINGTON**

The Honorable Margaret M. Garnett
January 15, 2025
Page 2

include those containing ... pricing information."); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (granting motion to seal documents containing pricing information and other sensitive business information because "[n]on-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'").

With respect to the group annuity contracts, the requested redactions also are necessary to protect the privacy interests of Athene, which is not a party to this case. Both the BMS Defendants and Athene maintain this information confidentially in their ordinary course of business, and Section 3.2 of each group annuity contract contains a confidentiality obligation that prevents BMS from disclosing these portions of the contracts. *See* Exhibits C, D. Courts have granted motions to seal brought in similar circumstances. *See, e.g., City of Providence v. BATS Glob. Markets, Inc.*, 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022) (granting motion to seal where "the 'privacy interests of innocent third parties'" would be injured by public disclosure of information); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (granting motion to seal because the public's right of access was "outweighed by non-parties interests in privacy and the protection of proprietary business information").

Additionally, the BMS Defendants' proposed redactions are narrowly tailored to preserve only the proprietary and commercial sensitive that would most harm them, State Street, and Athene if made public. *See, e.g., CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 443644, at *2 (S.D.N.Y. Feb. 14, 2022) ("Specific, narrowly tailored portions of contracts regarding proprietary commercial information may qualify for sealing under the case law if disclosure would harm a litigant's ability to negotiate with third parties, subject a party to financial harm, or harm a litigant's competitive standing.") (cleaned up).

Accordingly, the BMS Defendants respectfully request that the Court grant this letter motion to file Exhibits B, C, and D under seal and in redacted form on the public docket.

Respectfully submitted,

/s/ *Laura Flahive Wu*

Laura Flahive Wu

cc:   All counsel of record (via CM/ECF)

GRANTED. Defendants' request to file certain documents identified in its January 15, 2025 letter (Dkt. No. 49) under seal and in redacted form on the public docket is hereby GRANTED. "There is a common law presumption in favor of permitting public access to judicial documents. . . ." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011). However, "courts in this District routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information." *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021). Having examined the documents in question and considered the Defendants' representation that the documents contain competitively sensitive information, the Court finds that Defendants' interest in filing the documents under seal outweighs the presumption of access. The Clerk of Court is respectfully directed to terminate Dkt. No. 49.

SO ORDERED. Dated September 29, 2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE