```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES DOHERTY, et al.,

        Plaintiffs,

-against-

BRISTOL-MYERS SQUBB CO., et al.,

        Defendants.

24-CV-06628 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    Plaintiffs in this putative class action are former participants in the Bristol-Myers Squibb Retirement Income Plan, a defined benefit pension plan protected by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs allege that Defendants violated ERISA by purchasing an annuity from Athene Annuity and Life Company and Athene Annuity & Life Assurance Company of New York as a means of terminating Plaintiffs' pension plan. On January 15, 2025, Defendants moved to dismiss Plaintiffs' consolidated complaint, claiming, *inter alia*, that Plaintiffs lacked Article III standing because they did not suffer a concrete injury. On September 29, 2025, the Court granted in part and denied in part Defendants' motion to dismiss. In so ruling, the Court found that Plaintiffs sufficiently alleged Article III standing. Presently before the Court is Defendants' unopposed Motion to Certify the Court's September 29, 2025 Order for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b) (Dkt. No. 95). For the reasons set forth below, Defendants' motion is GRANTED.

    28 U.S.C. § 1292(b) "permits a district court, in its discretion, to certify an interlocutory appeal where the decision at issue (1) involves a controlling question of law (2) as to which there is substantial ground for a difference of opinion and (3) as to which an immediate appeal may materially advance the ultimate termination of the litigation." *Espinal v. Sephora USA, Inc.*, No. 22-CV-03034 (PAE) (GWG), 2024 WL 4751279, at *4 (S.D.N.Y. Nov. 12, 2024).[1] "Where a movant fails to satisfy any one of the three statutory criteria, the court may not certify the appeal." *Xue v. Koenig*, No. 19-CV-07630 (NSR) (AEK), 2025 WL 897046, at *3 (S.D.N.Y. Mar. 24, 2025). All three factors are satisfied as to Defendants' appeal.

    *First*, the appeal involves a controlling question of law. "A question of law is 'controlling' if reversal of the district court's order would terminate the action." *Murray v. UBS Sec., LLC*, No. 12-CV-05914 (KPF), 2014 WL 1316472, at *3 (S.D.N.Y. Apr. 1, 2014). The question "must be a pure question of law that can be decided quickly and cleanly without detailed study of the record" and must be "stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

1

relevance to other cases in the same area of law." *Shaw v. McDonald*, No. 14-CV-5856 (NSR), 2016 WL 8672965, at *2 (S.D.N.Y. Aug. 5, 2016). Here, Plaintiffs seek review of the Court's decision that Plaintiffs have Article III standing. That question is controlling because the Second Circuit's reversal of the Court's decision would terminate this case. Additionally, the issue involves at least one purely legal question—whether the pension risk transfer ("PRT") transaction alleged in this case causes the type of harm or injury required to confer Article III standing. *See* Dkt. No. 96 at 10; *DeSimone v. Select Portfolio Servicing, Inc.*, 786 F. Supp. 3d 509, 514 (E.D.N.Y. 2025) ("[O]nly one question of law must satisfy the requirements of Section 1292(b) for a district court to certify the entire order for appeal."). Thus, the first of the three criteria is satisfied.

*Second*, the split among federal courts, including within this Circuit, as to whether PRT transactions that purport to promise the same future benefits can ever confer Article III standing on pension plan participants, demonstrates that "there is substantial ground for a difference of opinion" on this issue. *Espinal*, 2024 WL 4751279, at *4. For example, in *Camire v. Alcoa USA Corp*, No. 24-CV-1062 (LLA), 2025 WL 947526 (D.D.C. Mar. 28, 2025), a district court in the District of Columbia held under similar circumstances that Plaintiffs did not have Article III standing because "Plaintiffs have continued to receive their benefit payments" and thus "have not suffered actual harm as a result of [Defendant's] PRT transactions." *Camire*, 2025 WL 947526 at *5. Even within this Circuit, courts have reached different conclusions on this broad issue. While this Court found that Plaintiffs sufficiently alleged Article III standing regarding the particular PRT transaction in this case, *see* Dkt. No. 90 at 9, a sister court in the Northern District of New York granted a motion to dismiss under similar circumstances, finding that plaintiffs in that case lacked Article III standing because "[t]here is no suggestion that the PRT . . . resulted in [Plaintiffs] being entitled to or receiving any lesser amount of benefits than they were entitled to." *Bueno v. Gen. Elec. Co.*, No. 24-CV-00822 (GTS) (DJS), 2025 WL 2719995, at *10 (N.D.N.Y. Sept. 24, 2025).[2] The differing conclusions reached by federal courts on a closely-related legal issue demonstrates the substantial grounds for differences of opinion.

*Third*, if the Second Circuit finds that Plaintiffs do not have standing to bring their claims, this action will be dismissed in its entirety. *See PS US LLC v. Moulding*, No. 21-CV-1049 (VEC), 2021 WL 5597152, at *1 (S.D.N.Y. Nov. 30, 2021) ("If a plaintiff lacks standing, the claim must be dismissed for lack of subject-matter jurisdiction."). The case is complex and expensive and if Defendants prove correct, substantial efficiencies will be gained by resolving the standing issue now. Furthermore, in light of the basis of the Court's ruling on standing, Defendants intend to re-raise the issue of standing at later stages of the litigation, presumably advancing similar arguments again in light of facts revealed in discovery. Dkt. No. 96 at 8. Accordingly, resolving the legal issue of standing now, even if the Second Circuit agrees with this Court, would narrow the potential issues the parties must litigate and the Court must decide during the pendency of this litigation, and eliminate some repetitive pre-trial briefing. *See Sec.*

---

[2] Of note, however, the N.D.N.Y. court based its ruling in part on a conclusion that "the mere action of engaging in a PRT does not cause a legally cognizable injury to establish standing for Plaintiffs' claims." *Bueno*, 2025 WL 2719995, at *10. This Court's Opinion denying the motion to dismiss did *not* rest on a view that a PRT inherently created standing for plan participants; rather the Opinion was based on specific allegations in the complaint about the PRT transaction engaged in by defendant Bristol-Myers-Squibb.

& *Exch. Comm'n v. Coinbase, Inc.*, 761 F. Supp. 3d 702, 721 (S.D.N.Y. 2025) (an interlocutory appeal materially advances the ultimate termination of a litigation when it "promises to advance the time for trial or to shorten the time required for trial."). Thus, the third factor is satisfied.

Plaintiffs have not opposed Defendants' motion. Further, the parties have jointly requested that the Court stay this action pending appeal except for certain document discovery described at Dkt. No. 100. Because "judicial economy strongly favors staying the proceedings pending resolution of the legal question at the core of this action," *Flo & Eddie, Inc v. Sirius XM Radio Inc.*, No. 13-CV-05784 CM, 2015 WL 585641, at *4 (S.D.N.Y. Feb. 10, 2015), the parties' request is granted. This action is STAYED for the pendency of Defendants' interlocutory appeal other than the limited discovery agreed upon by the parties. The parties' proposed agreement at Dkt. No. 100 is APPROVED.

Finally, the conference previously scheduled for December 4, 2025 is ADJOURNED *sine die*. The Court will promptly reschedule the conference should the Second Circuit deny Defendants' request for leave to appeal or rule that Plaintiffs have Article III standing.

Dated: November 17, 2025
    New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge