UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES DOHERTY, *et al.*,

*Plaintiffs*,

v.

BRISTOL-MYERS SQUIBB CO., *et al.*,

*Defendants*.

CASE No. 1:24-cv-06628-MMG

# STIPULATED PROTECTIVE ORDER

The parties in the above-captioned action, *Doherty v. Bristol-Myers Squibb Co., et al.* (the "Action"), hereby stipulate to the entry of the following protective order:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in the Action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Action may be warranted. Accordingly, the Parties hereby stipulate to, and request that the Court enter, the following Stipulated Protective Order (the "Order").

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable law.

2. DEFINITIONS

2.1 Challenging Party: A Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that contain confidential and non-public development, financial or commercial information, non-public personal information, or any other information for which a good faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law. Protected Material may also refer to any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations.

2.3 "ATTORNEYS' EYES ONLY" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that an attorney has determined, following a good-faith review, contain highly sensitive business information that should be protected from disclosure, including, but not limited to: highly confidential personal information, Protected Health Information (PHI), medically sensitive information, trade secrets as defined and interpreted by the Federal Rule of Civil Procedure 26(c)(1)(G), other highly confidential or highly proprietary personnel records, and other highly confidential or highly proprietary commercial information. Highly confidential or highly proprietary commercial information specifically refers to information which would place one party at a competitive disadvantage or could be used against that party thereby resulting in cognizable harm if disclosed to another party. The Parties recognize that such designations will be limited and sparingly used, and the Parties agree to meet and confer in the event either party believes that the use of the designation is excessive or unjustified.

2.4 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5 Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery requests as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.6 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, letters, responses to discovery requests, and tangible things), that are exchanged between and among Parties and Non-Parties in the Action.

2.7 Expert: A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or consultant in the Action.

2.8 In-House Counsel: Attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

2.10 Outside Counsel of Record: Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to the Action and have appeared in the Action on behalf of that Party or are affiliated with or contracted by a law firm which has appeared on behalf of that Party.

2.11 Party: Any party to this Action, including all of its officers, directors, and employees (including In-House Counsel).

2.12 Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.15 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Order cover Protected Material produced in discovery in the Action as well as (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order nor a violation of the law; and (b) any information obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after Final Disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. This Court will retain jurisdiction to enforce the terms of this Order following the Final Disposition of the Action.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take reasonable care to limit any such designation to material that qualifies for protection under this Order.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page of such document or, in the case of native file production, in conformity with the Stipulated Protocol for Production of Electronically Stored Information.

(b) For testimony given in deposition or in other pretrial proceedings, that all deposition testimony or testimony during other pretrial proceedings shall be treated as

"CONFIDENTIAL" for a period of 30 days from the date of receipt by Outside Counsel of Record of a final transcript, during which period a Designating Party may identify the specific portions of testimony as to which protection is sought. Likewise, if any individual's deposition testimony or testimony during other pretrial proceedings concerns "ATTORNEYS' EYES ONLY" Information or Items in any way, the entirety of that testimony shall be treated as "ATTORNEYS' EYES ONLY" for a period of 30 days from the date of receipt by Outside Counsel of Record of a final transcript, during which period a Designating Party may identify the specific portions of testimony as to which protection is sought. At the expiration of that 30-day period, only those portions that are specifically identified will qualify for protection under this Order. Alternatively, during that 30-day period, a Designating Party may, if appropriate, designate the entire transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Any rough transcript that is generated before receipt by Outside Counsel of Record of a final transcript also shall be treated during the 30-day period as if it had been designated "CONFIDENTIAL" or, if it concerns "ATTORNEYS' EYES ONLY" Information or Items in any way, "ATTORNEYS' EYES ONLY." After the expiration of that period, the rough transcript shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" only to the extent as actually designated in the final transcript.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(c) For information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. An inadvertent failure to designate qualified Protected Material as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the document or information shall be treated as Protected Material in accordance with the provisions of this Order.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle the Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The Receiving Party shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as the recipient would use with respect to its own proprietary information.

6.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Action;

(b) Named Plaintiffs or Class Representatives to whom it is reasonably necessary to disclose the information for purposes of this Action;

(c) The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom it is reasonably necessary to disclose the information for purposes of the Action;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) The Court and its personnel;

(f) Court reporters and their staff;

(g) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) During their depositions, witnesses in the Action who are or were employed by a Party, and to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) The author or recipient of a document containing the information; and

(j) Others only by written consent of the producing party or upon order of the Court.

6.3 Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a) The Receiving Party's Outside Counsel of Record in the Action, as well as attorney-employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Action;

(b) Court personnel and the jury at trial;

(c) Deponents and witnesses to whom it is reasonably necessary to disclose the information for purposes of the Action;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) In-house counsel without competitive decision-making responsibilities;

(f) anyone as otherwise required by law; and

(g) other persons by written agreement of the Parties.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Action as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" that Party must:

(a) Promptly notify in writing the Designating Party and include in such notification a copy of the subpoena or court order;

(b) Promptly notify in writing the Non-Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and include a copy of this Order with the notification; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Designating Party shall bear the burden and expense of seeking protection in that other litigation of its Protected Material, including moving for a protective order in the appropriate court. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" before a determination by the court, unless the Party has obtained the Designating Party's permission.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8. APPLICABILITY OF THIS STIPULATED PROTECTIVE ORDER TO NON-PARTIES

8.1 Order Applicable to Non-Parties. The terms of this Order are applicable to information produced by Non-Parties in the Action and designated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.

8.2 Service of Order with Non-Party Discovery Request. The Party issuing any subpoena or other discovery request on any Non-Party in this Action shall include with any such subpoena or discovery request a copy of this Order.

9. FILING OF PROTECTED MATERIAL

All Protected Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Material, shall be filed under seal and kept under seal until further order of the Court. The Parties will use their best efforts to minimize such sealing. In any event, any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Material itself, and not text that in no material way reveals the Protected Material.

10. <u>CONFIDENTIALITY DISPUTES</u>

Any Party who either objects to any designation of confidentiality (including an "ATTORNEYS' EYES ONLY" designation), may at any time prior to the trial of this action serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases. In the event a Party wishes to use any Protected Material or any papers containing or making reference to the content of such material in any pleading or document filed with the Court in this Action, such pleading or document and any appended Protected Material shall be filed provisionally under seal pursuant to applicable Local Rules and procedures, until such time as the Court orders otherwise or denies permission to file under seal.

All Parties and Non-Parties are hereby placed on notice that the Court is unlikely to seal or otherwise afford protection to any Protected Material introduced in evidence at trial, even if such material has previously been sealed or designated as "CONFIDENTIAL." The Court also retains discretion whether to afford protection to any "CONFIDENTIAL" or "ATTORNEYS'

EYES ONLY" document or information submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s); (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Additionally, if the Receiving Party discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to the produced Protected Material, the Receiving Party shall (a) promptly provide written notice to Designating Party without unreasonable delay, but in no event later than five business days after discovery of the breach, unless a shorter period is required by law; (b) investigate and make reasonable efforts to remediate the effects of the breach and prevent recurrence of the incident; (c) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach; (d) cooperate with the Producing Party or law enforcement in investigating any such security incident; and (e) promptly take all necessary and appropriate corrective action to terminate the unauthorized access and/or correct the breach.

12. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Nothing in this Order shall be construed to prohibit a Producing Party from seeking relief from any disclosure of confidential, privileged, or work-product information, whether inadvertently, unintentionally, or otherwise produced. Nothing in this Order shall diminish the legal rights of any person seeking such relief. When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege, attorney work product, or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

Pursuant to Federal Rule of Evidence 502, the production or disclosure of privileged or work product protected documents or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. The Parties agree that the requirements of Federal Rule of Evidence 502(b) shall not apply. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

13. USE OF ARTIFICIAL INTELLIGENCE

The Receiving Party is permitted to load, import, submit, or otherwise transfer Discovery Material to any Large Language Model ("LLM") or Artificial Intelligence ("AI") platform only if the LLM or AI platform meets the following security requirements:

a) Must be a paid, account-tied enterprise version of the LLM or AI platform and must not be an open, publicly accessible, or freely available consumer-grade LLM or AI platform;

b) Does not use, retain, or incorporate produced data to train, refine, fine-tune, or otherwise improve any AI model or system;

c) Does not make information accessible to other users of the LLM or AI platform that are not authorized to receive information under this Order; and

d) Any LLM or AI models, inputs, and outputs developed using "CONFIDENTIAL" designated Discovery Material will be deemed "CONFIDENTIAL" consistent with their underlying source designation and will not be used for any purpose other than prosecuting or defending this litigation. Such LLM or AI models, inputs, and outputs will be deleted in accordance with Section 15 of this Order. Any information generated through the use of a LLM or AI platform that a Receiving Party claims to be attorney work product shall continue to be treated as Protected Material in accordance with Section 4 of this Order.

"ATTORNEYS' EYES ONLY" designated Discovery Material may be loaded, imported, submitted, or otherwise transferred to any LLM or AI platform in accordance with the terms specified in this Section 13,

Nothing in this Section 13 shall prohibit a Receiving Party from using established eDiscovery tools and analytics within a secure document review or hosting platform, including technology-assisted review, continuous active learning, predictive coding, conceptual analytics, clustering, near-duplicate identification, email threading, translation, transcription, redaction tools, or similar review technologies agreed upon by the Parties, provided that such tools are subject to reasonable confidentiality, access control, data security, and non-training safeguards, and are used solely for purposes of this litigation.

14. <u>MISCELLANEOUS</u>

14.1 <u>Right to Further Relief and Modification by the Court</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The

Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

14.2 Right to Assert Other Objections. No Party waives through entry of this Order any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3 Right of a Party to Use Its Own Documents. Nothing in this Order shall affect a Party's use or disclosure of its own documents in any way.

14.4 Right of a Party to Use Independently Obtained Documents. Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents, material or information obtained by such Party independent of formal discovery proceedings in this Action.

14.5 Personally Identifiable Information. Information that a party has designated as Protected Material as defined herein, based on its good faith belief that the information is subject to federal, state, or foreign Data Protection Laws, data privacy laws, or other privacy obligations, or any of the information contained therein, shall be handled by Counsel for the Receiving Party with the highest care.

14.6 Data Security. Any person in possession of Protected Material shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Protected Material, protect against any reasonably anticipated threats or hazards to the security, and protect against unauthorized access. To the extent a party or person does not have an information security

program, they may comply with this provision by having the Protected Material managed by and/or stored with a third-party vendor that maintains such an information security program.

15. FINAL DISPOSITION

Within 60 days after the Final Disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4. This requirement to return or destroy Protected Material does not require a Party or individual subject to this Order to destroy any copies that are only retrievable through the use of specialized tools or techniques typically used by a forensic expert, or any other data that is generally considered not reasonably accessible. Such material will continue to be treated as Protected Material under this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Respectfully submitted this 29th day of October, 2026.

*<u>/s/ Alison V. Douglass (w/consent)</u>*
James O. Fleckner, admitted *pro hac vice*
Alison V. Douglass, admitted *pro hac vice*
Benjamin S. Reilly, admitted *pro hac vice*
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
JFleckner@goodwinlaw.com
ADouglass@goodwinlaw.com
BReilly@goodwinlaw.com

Samuel J. Rubin
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 813-8852
Fax: (646) 558-4141
SRubin@goodwinlaw.com

*Counsel for State Street Global Advisors Trust Company*

*<u>/s/ Laura Flahive Wu (w/consent)</u>*
Laura Flahive Wu
Robert S. Newman
Christian J. Pistilli
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington DC 20001
Tel: (202) 662-6000
lflahivewu@cov.com
rnewman@cov.com
cpistilli@cov.com

*Counsel for Defendants Bristol-Myers Squibb Co., Bristol-Myers Squibb Company Pension Committee, and Bristol-Myers Squibb*

*<u>/s/ Kurt C. Struckhoff</u>*
Kurt C. Struckhoff*
Andrew D. Schlichter (Bar No. 4403267)
Jerome J. Schlichter*
Sean E. Soyars*
Patrick R. Kutz*
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
Tel: (314) 621-6115
Fax: (314) 621-5934
aschlichter@uselaws.com
kstruckhoff@uselaws.com
jschlichter@uselaws.com
ssoyars@uselaws.com
pkutz@uselaws.com
* Pro hac vice
*Attorneys for the Noel Plaintiffs*

*<u>/s/ Cyril V. Smith (w/consent)</u>*
Cyril V. Smith (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
100 E. Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 949-1145
Fax: (410) 659-0436
csmith@zuckerman.com

Rebecca Tweedie (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington DC 20037
Tel: (339) 235-8642
rtweedie@zuckerman.com

*Compensation and Management Development Committee*

*/s/ Edward Stone (w/consent)*
Edward Stone (N.Y. Bar No. 2259489)
EDWARD STONE LAW P.C.
575 Lexington Ave., 14th Floor
New York, NY 10022
Tel: (203) 930-3401
Fax: (203) 348-8477
eddie@edwardstonelaw.com

*/s/ Elizabeth Hopkins (w/consent)*
Elizabeth Hopkins (admitted *pro hac vice*)
Hopkins ERISA Law
12123 Laurel Terrace Drive
Studio City, CA 91604
(301) 938-7516
hopkinserisalaw@outlook.com
*Attorneys for Mr. Doherty*

**SO ORDERED.**

**Date:** ______________________ ______________________________

**New York, New York** **MARGARET M. GARNETT**

**United States District Judge**

SO ORDERED. Dated October 30, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ________________________________, of ________________________________ declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Southern District of New York in *Doherty v. Bristol-Myers Squibb Co., et al*. I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: __________________________

City and State where sworn and signed: ________________________________

Printed name: ____________________________________

Signature: ________________________________________